YOUNG *vs.* THE CLARKSVILLE MANUFACTURING COMPANY and others.

1. An answer filed by one of several judgment creditors, joining with him therein his co-plaintiffs in the judgment, filed in time as to himself, but out of time as to them, sworn to by him but not by them, was permitted to stand as filed in time by him, and as his answer, though purporting to be the answer of his co-plaintiffs also.

2. So much of the answer as set up the defence of usury, was stricken out as to such co-plaintiffs.

On bill to foreclose and answers, and cross-bill and answer. Motion to strike out certain parts of the answer of The Clarksville Manufacturing Company, and part of the answer of certain other defendants to the original bill, and motion to dissolve the injunction issued on the cross-bill.

*Mr. J. N. Voorhees* and *Mr. H. C. Pitney,* for motion.

*Mr. G. A. Allen, contra.*

THE CHANCELLOR.

The complainant, Eli W. Young, filed his bill for the foreclosure and sale of mortgaged premises owned by The Clarksville Manufacturing Company, and situated in Hunterdon county. His mortgage is for $3000 and interest, and was, as he alleges, given to him by the company. The company was duly served with process of subpoena to answer. They did not answer within the time limited by law, but obtained an extension of the time, and answered within the time so granted. The bill states that William Gardner, Marcus D. Wells, Lewis Young, George Gardner, Abraham S. Banghart and Samuel Apgar, after the recording of the complainant's mortgage, recovered a judgment in the Supreme Court of this state against the company, for $1688.79. All these persons, except George Gardner, who was an absent defendant, were

served with subpœna to answer, but none of those who were served answered within the time limited by law for the purpose. An order of publication was taken as to George Gardner. Within the time fixed by that 'order he answered. Though the answer purports to be the answer of the other plaintiffs in the judgment also, it is sworn to by him alone. Subsequently to the filing of the answer of the company, they filed a cross-bill to restrain the complainant from proceeding in an action of ejectment, brought by him on his mortgage, to recover from them the possession of the mortgaged premises, and an injunction was granted thereon. He answered that bill. He now moves to dissolve the injunction, and to strike out so much of the answer of the company as sets up the defences of usury and *ultra vires,* and to strike out so much of the answer of the above-mentioned judgment creditors as sets up usury. The ground of the motions to strike out is, that the answers not having been filed within the time limited by law for the purpose, the defendants will not be permitted to set up therein any inequitable defence; and it is insisted, on behalf of the complainant, that although the defendant, George Gardner, filed his answer in due time, yet, that having joined therein his co-plaintiffs in the judgment, whose time for answering had expired, the answer must be treated as if filed out of time by him also.

The defences set up in the answer of the company are none of them unconscionable. The answer relates the history of the mortgage; alleges that it was not lawfully authorized or executed, so as to bind the company; that it was made, executed and delivered in fraud of the stockholders, under the circumstances set forth in the answer, and that the company was never indebted to the complainant. It quotes from the book of minutes of the company, a statement that Lewis Young, then the president of the company, had agreed to furnish the company with $3000, at seven per cent. per annum interest, for a premium of ten per cent.; the loan to be secured by a mortgage to Eli W. Young & Co.; but it alleges that no money whatever was advanced or paid by the

complainant for the mortgage, and that it was a fraudulent contrivance on the part of Lewis Young and the complainant, his son, ·to obtain the obligation of the company, secured by a lien upon their property, without consideration.  It states, also, that the complainant was elected a director of the company on the 28th of October, 1871, and was elected treasurer on the 4th of December following; that he held the office of treasurer until December 27th, 1873, and that as treasurer he obtained possession of a large amount of the money of the company, for which he refuses to account.  It claims an equitable offset of this money against any demand which he may be able to substantiate against them, and offers to pay whatever, if anything, is legally or equitably due . to him from them.  The answer neither sets up usury nor *ultra vires.*  The motion to strike out must be denied.

The answer of the judgment creditors above named sets up the defence of usury ; but, as before stated, it is sworn to by George Gardner only.  As to the other persons, whose answer it purports to be, the motion to strike out must prevail. Indeed, the answer might, as to them, have been suppressed, for, as to them, it was neither filed in time nor sworn to. The bill prays answer on oath.  The answer will be permitted to stand as the answer of George Gardner, notwithstanding the fact that it purports to be the answer of his co-plaintiffs in the judgment, also.  *Done* v. *Read,* 2 *V. & B.* 310 ; 1 *Dan. Ch. Pr.* (4*th Am. ed.*) 732, *and note.*  The motion to strike out must, therefore, as to his answer, be denied.  His answer was filed in due time.

The injunction should be retained until the final hearing. The bond which was given pursuant to the 45th rule, on granting it, will secure the complainant's rights in reference to the rents, issues and profits of the mortgaged premises.